KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

MOHAMMAD KHATIB
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: 541-2850
Facsimile: 541-2958
E-mail: Mohammad.Khatib@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | MAG. NO. 25-62-RT |
|---|---|---|
| Plaintiff, | ) | CR. NO. 25-40-HDV (CDCA) |
| vs. | ) | MOTION TO DETAIN DEFENDANT WITHOUT BAIL |
| CLINT JORDAN LOPAKA NAHOOIKAIKA BORGE, | ) | |
| Defendant. | ) | |

MOTION TO DETAIN DEFENDANT WITHOUT BAIL

The United States hereby moves to detain the defendant without bail, pursuant to 18 U.S.C. § 3142 because there is no condition or combination of

conditions of release which will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

## I. BACKGROUND

The defendant is charged in a criminal complaint with child exploitation enterprise in violation of Title 18, United States Code, Section 2252A(g). He was arrested and taken into federal custody today, on January 30, 2025.

## II. ARGUMENT

### A. Legal Standards for Pre-Trial Detention

A defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is thus appropriate where a defendant is either a danger to the community or a flight risk. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Where there is probable cause to believe that the defendant committed an offense involving a minor victim under Title 18, United States Code, Section 2251 (production of child pornography), it is presumed that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. §

2

3142(e)(3)(E). That "presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (internal quotations and citation omitted).

Categorical grants or denials of bail, untethered from an individualized determination, are impermissible. *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). That is because "the Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)." *Id.* Those factors are:

> (1) the nature and circumstances of the offense charged;
>
> (2) the weight of the evidence against the defendant;
>
> (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and

3

> (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). Consideration of non-statutory factors is disfavored. *Diaz-Hernandez*, 943 F.3d at 1199.

**B. Detention Is Appropriate As The Defendant Is A Danger to the Community**

The nature and circumstances of the defendant's offense are disturbing. Defendant is charged with working with other men online to entice vulnerable girls to produce child pornography, self-harm, and engage in degrading conduct. However, as described below, the defendant's conduct is egregious, even amongst those charged with such crimes. The crime with which the defendant is charged carries serious penalties, including a mandatory minimum sentence of twenty years of imprisonment and up to life.

The defendant's history and characteristics justify detention. The defendant adheres to the beliefs of a group known as "CVLT" (pronounced "cult). That group is a radical offshoot of a satanic anarchist group, The Order of Nine Angles ("O9A"), which espouses the belief that society must be destroyed from within. O9A encourages members to engage in criminal acts, including violence, sexual assault, murder, and terrorism, to accelerate and cause the demise of

4

western society. CVLT adopted and then expanded O9A's philosophies, including white supremacy, BDSM gore pedophilia, nihilism, and anarchy.

CVLT operated as follows. CVLT members would find vulnerable girls online, for example, girls who suffered from an eating disorder or mental health issues. They would convince the girls to join CVLT servers on Discord, which is a social media platform used to livestream and chat through audio, text, and media. Once on a CVLT server, the girls would be subjected to CVLT member's enticement and coercion to produce child pornography and self-harm. If the girls resisted CVLT members would try to break them down by enticing or coercing them to engage in dehumanizing behaviors such as cutting and eating their own hair, drinking their urine, calling themselves the "n-word," or beating themselves. Further resistance was met with threats to release the girls' child sex abuse material ("CSAM" and referred to statutorily as "child pornography") or personally identifying information of them or their families. CVLT members would also threaten to SWAT or dox uncompliant girls. To show the victims were "owned" by CVLT, CVLT members forced the girls to carve or write CVLT member's names or usernames on their bodies. CVLT members then widely shared these abuse videos often with messaging reinforcing CVLT's core beliefs of pedophilia, anarchy, nihilism, Neo-Nazism, white supremacy, and satanism.

5

Defendant is personally alleged to have victimized numerous minor girls. In one instance (which is charged in the indictment), the CSAM video defendant produced was over 2 hours long and included two individuals, at least one of whom was a child, engaging in numerous sex acts. Plainly, the defendant's release would endanger the community. Further, the weight of evidence against the defendant is substantial, including screen recordings found on the defendant's computer of the defendant producing CSAM. This evidence demonstrates the United States' case against the defendant is formidable, making the defendant's conviction quite likely.

### III. CONCLUSION

For the foregoing reasons, the United States' requests that the Court detain the defendant and further requests a continuance of three days from the date of the initial appearance to conduct the detention hearing.

DATED: January 30, 2025, at Honolulu, Hawaii.

> KENNETH M. SORENSON
> Acting United States Attorney
> District of Hawaii
>
> By /s/ *Mohammad Khatib*
>   MOHAMMAD KHATIB
>   Assistant U.S. Attorney

United States v. Clint Jordan Lopaka Nahooikaika Borge
MOTION TO DETAIN DEFENDANT WITHOUT BAIL
Mag. No. 25-62-RT

6

## CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, a true and correct copy of the foregoing was served electronically on counsel of record through the District Court's electronic filing system.

DATED: January 30, 2025, at Honolulu, Hawaii.

> */s/ Mohammad Khatib*
> MOHAMMAD KHATIB
> Assistant United States Attorney